UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

ODIN NORDHEIM,

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS),

Defendant.

Case No. 25-cv-04571-TLT

**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: ECF 17, 19

On May 30, 2025, *pro* Plaintiff Odin Nordheim filed a complaint seeking to compel United States Citizenship and Immigration Services ("USCIS") to adjudicate his Form I-765, Application for Employment Authorization. ECF 1. Plaintiff alleges that USCIS has unreasonably delayed the adjudication of his Form I-765 application. *Id.* at 5. Plaintiff seeks relief pursuant to the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361 ("Mandamus Act"), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq. *Id.*

On August 8, 2025, USCIS filed a motion to dismiss, asserting that the Court lacked subject matter jurisdiction. ECF 17. On June 25, 2025, USCIS approved Plaintiff's application and issued an Employment Authorization Document ("EAD") to him. *Id.* at 2. The approval notice and EAD were delivered to Plaintiff on July 3, 2025. *Id.* Thus, USCIS contends that Plaintiff's claim is now moot, and his complaint should be dismissed. *Id.*

Federal jurisdiction requires a live case or controversy at every stage of litigation. *See* U.S. Const. art. III, § 2, cl. 1; *Hollingsworth v. Perry*, 570 U.S. 693, 704–05 (2013). To satisfy this requirement, "a litigant must continue to have a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings." *Abdala v. Immigration & Naturalization Serv.*, 488 F.3d 1061, 1063 (9th Cir. 2007). "A federal court does not have jurisdiction to give

opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997). Consequently, "[i]f an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers*, 126 F.3d at 1123. There are two exceptions to the mootness doctrine: (1) "voluntary cessation," i.e., when a defendant voluntarily ceases alleged unlawful conduct; and (2) when a claim is "capable of repetition yet evading review." *See Ctr. For Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007).

Plaintiff concedes that received his EAD. ECF 18, at 3; *see also* ECF 19 (Plaintiff conceding that "[o]n June 30, 2025, USCIS approved Plaintiff's five-year employment authorization."). Thus, this action is moot. Plaintiff has not shown that either of mootness exceptions applies as his sole wrongdoing alleged USCIS's delay in adjudicating of his Form I-765 application. This conduct cannot be resumed. Further, Plaintiff cannot establish a reasonable expectation that he will be subject to the same action again in the future (i.e., delay in adjudication of a future Form I-765 application).

He argues that he lost his physical EAD card within days of delivery and has filed for a replacement card. ECF 18, at 4. However, the application process for a replacement EAD is different than an initial card issuance. Moreover, USCIS approved Plaintiff's application, and his work authorization is valid until June 26, 2030. Thus, Plaintiff remains authorized to work regardless of whether he has an EAD card as evidence of his work status.

Accordingly, the Court **GRANTS** the motion to dismiss this action in its entirety. The Court lacked jurisdiction when USCIS delivered the approval notice and EAD to Plaintiff on July 3, 2025.

On August 15, 2025, Plaintiff filed a motion for temporary restraining order seeking to enjoining USCIS and any associated DHS or ICE enforcement components from arresting, detaining, removing, revoking Plaintiff's work authorization, or otherwise interfering with his immigration status until the Court rules on his pending claims and until after his Master Calendar hearing set for October 29, 2025, at 1:30 PM before Immigration Judge Arwen A. Swink at 100

Montgomery Street, Suite 800, San Francisco, CA 94104. Because the Court lacks jurisdiction over this action, the Court **DENIES** Plaintiff's motion for temporary restraining order.[1]

This Order resolves ECF 17 and 19.

The Clerk of the Court is ordered to terminate the action.

**IT IS SO ORDERED.**

Dated: August 15, 2025

TRINA L. THOMPSON
United States District Judge

[1] The Court notes that Plaintiff has a pending motion for preliminary injunction seeking to prohibit DHS from initiating removal actions in Plaintiff's related case, *Nordheim v. USCIS*, 3:25-cv-04701.